UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZACHARY HOUSTON SHOMER, | : | Case No. 2:24-cv-1283 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Kimberly A. Jolson |
| AMBER MARIE RHEINSHELD, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Notice in Response to the Court's Order (Doc. 21). Plaintiff, who proceeds *pro se*, is currently incarcerated at Richland Correctional Institution. This action centers around his allegation that he was sexually assaulted by other prisoners at Ross Correctional Institution at the direction of Defendant Rheinscheld and subsequently denied medical care by Defendant Williams. (Doc. 6 at 1). Previously, the Court allowed Plaintiff to proceed with two Eighth Amendment claims based on these alleged events. (*Id.*).

Yet as this case has progressed, Plaintiff's filings have raised concerns about the merits of his claim against Defendant Rheinscheld. To begin, Plaintiff seemingly claims Defendant Rheinscheld worked in some capacity for the Ohio Department of Rehabilitation and Correction (ODRC). (Doc. 1-2 at 1 (discussing an alleged assault "perpetrated by Amber M. Rheinscheld – D.B.A. Employee")). But in a grievance attached to his Complaint, Plaintiff refers to her as his "ex" and "child's mother." (Doc. 1-4 at 1–2). He further states Defendant Rheinscheld used a false name to gain employment at Ross Correctional Institution through "Aramark." (*Id.* at 1). Plaintiff also says that she used her employment status with "Aramark" to access to his cell and

orchestrate his sexual assault, while using "SWAT tunnels" to avoid detection on prison cameras. (*Id.* at 1–2). In another filing, Plaintiff asserts that Defendant Rheinscheld continues to harass him at Richland Correctional Institution. (Doc. 13 at 1–2). While Plaintiff does not explain her alleged job at this prison, he says she can be seen "on ODRC property" via cameras. (*Id.*).

In short, based on these representations, the Court questioned whether Defendant Rheinscheld was an employee of ODRC at all. (Doc. 20 at 2). As a result, the Court ordered counsel from the Ohio Attorney General's Criminal Justice division to provide more information on Defendant Rheinscheld's employment history. (*See generally* Doc. 20).

On September 13, 2024, counsel filed a Notice in Response to the Court's Order. (Doc. 21). In the Notice, counsel "aver[] that Amber Rheinscheld has never been employed by [ODRC] or worked as a contractor for Aramark Inc. at Ross Correctional Institution." (*Id.* at 1). In support, counsel provide two affidavits from ODRC employees, along with an ODRC policy concerning background checks of employees and contractors. (*See generally id.*). To begin, counsel submit an affidavit from Anna Zimmerman, a Human Capital Management Senior Analyst/Personnel Director at Ross Correctional Institution. (Doc. 21-1 at 1–2). In her affidavit, Ms. Zimmerman affirms that "[n]o person named Amber Marie Rheinscheld has ever been employed at Ross Correctional Institution as a permanent State of Ohio employee." (*Id.* at 1). Ms. Zimmerman also swears that Defendant Rheinscheld did not work as a contractor for Ross Correctional Institution in 2023. (*Id.*).

Counsel also explain in the Notice that Plaintiff's theory that Defendant Rheinscheld used a "false name" to gain employment at ODRC is impossible. (Doc. 21 at 1–2). According to an affidavit from Bobbie Johnson, a program administrator at ODRC, all incoming employees and contractors are vetted before beginning employment. (Doc. 21-2 at 1). During this process,

2

individuals undergo a background check that includes review of a person's "criminal history, education, references, [and] possible social media." *Id.* Even more, they are fingerprinted. (*Id.*). Importantly, these procedures are used for "any potential contractors working for ODRC including Aramark Inc." (*Id.*).

Based on this evidence, the Undersigned is persuaded that Defendant Rheinscheld was never an employee of ODRC or Aramark, Inc. Yet Plaintiff's Eighth Amendment claims are brought in this action under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Because Defendant Rheinscheld was not an employee or contractor at Ross Correctional Institution, she is not a state actor for the purposes of Section 1983. *See Krukemyer v. Forcum*, 475 F.App'x 563, 566 (6th Cir. 2012) ("[T]here is no constitutional right to be free from harm inflicted by private actors."). Nor has Plaintiff offered any other explanation of how Defendant Rheinscheld's alleged conduct could be considered state action. *Cf. Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003) (discussing how, in very limited circumstances, a private person may be considered a state actor for Section 1983 purposes).

Yet even if Plaintiff somehow could explain why Defendant Rheinscheld qualifies as a state actor, his claim against her still should be dismissed. Under the Prison Litigation Reform Act, districts courts have the authority to, "at any time, *sua sponte* dismiss any claims that are frivolous or malicious[.]" *Fisher v. Mae*, No. 3:24-cv-300, 2024 WL 3737329, at *1 (E.D. Tenn. July 19, 2024) (citing 28 U.S.C. § 1915(e)(2)(B))); *see, e.g.*, *Burnett v. Walsh*, No. 18-cv-12471, 2023 WL 2712476, at *11–14 (E.D. Mich. Mar. 30, 2023) (*sua sponte* granting summary judgment where the plaintiff alleged defendants used a system to force feed him other individuals' bodily

3

fluids). District courts may also *sua sponte* dismiss complaints, even if plaintiffs pay the required filing fees, when they present claims that are "devoid of merit." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). That is because "totally implausible" claims divest courts of subject matter jurisdiction. *See id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Put simply, Plaintiff's allegations against Defendant Rheinscheld are fantastical. Although the Undersigned need not detail every allegation against her, Plaintiff claims that Defendant Rheinscheld used "SWAT tunnels" to travel undetected through Ross Correctional Institution (Doc. 1-4 at 2); that she repeatedly gained access to his cell, even though she was not an employee or contractor at the prison (*id.* at 1–2); that she worked in concert with "friends at G.T.L." to destroy footage of her actions (*id.* at 1); that she concealed her identity in a prison bathroom after the alleged assault (*id.* at 2); and that she somehow accessed Richland Correctional Institution months after this lawsuit was filed to continue harassing Plaintiff (Doc. 13 at 1–2). These allegations present the type of circumstances where *sua sponte* dismissal is warranted.

Accordingly, the Undersigned **RECOMMENDS** that Defendant Rheinscheld be dismissed from this action because (1) she is not a state actor, and (2) Plaintiff's factual allegations underlying his claim against her are frivolous. At this time, however, the Undersigned makes no determinations or recommendations about Plaintiff's claim against Defendant Williams.

Date: September 18, 2024　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).