# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ZACHARY HOUSTON SHOMER,** : | |
| : | |
| Plaintiff, : | Case No. 2:24-cv-01283 |
| : | |
| v. : | Judge Algenon L. Marbley |
| : | |
| **AMBER MARIE RHEINSCHELD,** : | Magistrate Judge Kimberly A. Jolson |
| *et al.*, : | |
| : | |
| Defendant. : | |

### OPINION & ORDER

This matter comes before this Court on the Magistrate Judge's Report and Recommendation (ECF No. 51) that Defendant Lieutenant Williams's Motion for Summary Judgment (ECF No. 40) be denied as moot and this action be dismissed as a sanction for Plaintiff Zachary Houston Shomer's falsification of evidence.  For the reasons set forth below, this Court **ADOPTS** the Report and Recommendation (ECF No. 51); **OVERRULES** Plaintiff's objections (ECF Nos. 52, 54); **DISMISSES** this action **WITH PREJUDICE**; and **DENIES AS MOOT** Defendant's motion for summary judgment (ECF No. 40).

### I.     BACKGROUND

Plaintiff Zachary Houston Shomer is an inmate in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC").  He filed this *pro se* action under 42 U.S.C. § 1983 alleging that, on June 17, 2023, while incarcerated at Ross Correctional Institution ("RCI"), he was sexually assaulted by other prisoners at the direction of Amber Marie Rheinscheld (allegedly employed by ODRC or Aramark) and subsequently denied medical care by Defendant Williams, who observed that Plaintiff was bleeding after the incident but nonetheless ordered that he be

placed in a segregation cage rather than ensuring medical care. (ECF No. 22; *see also* ECF Nos. 41, 44, 52, 54).

Based on Plaintiff's filings and evidence submitted by the Ohio Attorney General's office, the Magistrate Judge concluded that Defendant Rheinscheld is not a state actor under Section 1983, because she has never been employed by the ODRC or worked as a contractor for Aramark at RCI. (ECF No. 22 at 2–3). The Magistrate Judge also examined the factual allegations underlying Plaintiff's claim against Defendant Rheinscheld and found them to be frivolous. (*Id*. at 3–4). Accordingly, she recommended that Defendant Rheinscheld be dismissed from this action. (*Id*. at 4). On October 4, 2024, this Court adopted that Report and Recommendation, dismissing Rheinscheld and leaving Williams as the sole defendant. (ECF No. 23).

Defendant Williams subsequently moved for summary judgment, arguing that Plaintiff could not establish a serious medical need, show deliberate indifference, or overcome qualified immunity. (ECF No. 40). Plaintiff opposed and, in support, submitted handwritten "declarations" signed by two inmates—Barnes and Pattson—who allegedly saw Plaintiff bleeding and escorted by Williams on the day in question, with Correctional Officers Sam Aaron and Kaleb Powell listed on the declarations as witnessing officers. (*See* ECF Nos. 41, 41-2, 44).

Upon review of the submitted declarations, the Magistrate Judge directed defense counsel to investigate their authenticity. (ECF No. 45). Defense counsel, in compliance, submitted that the locations of the individuals involved were inconsistent with Plaintiff's declarations. Specifically, defense counsel presented evidence that, on June 17, 2023, Plaintiff was in J-Dorm (later H-9/Segregation), while Barnes was in H-2/B and Pattson in H-5/A. (ECF No. 46-1). Correctional Officer Aaron further swore that the signature attributed to him was not his own, and that he never witnesses inmate affidavits. (ECF No. 46-2). Correctional Officer Powell swore to the same.

2

(ECF No. 46-3). On June 23, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R), concluding that Plaintiff's declarations, submitted in support of his opposition to summary judgment, were falsified in violation of Fed. R. Civ. P. 11. (ECF No. 51). She therefore recommended dismissal of this entire action as a sanction. (*Id*.). Plaintiff objected to the R&R (ECF No. 52) and submitted an additional handwritten submission (ECF No. 54). Defendant responded, urging adoption of the R&R. (ECF No. 53). This matter is now ripe for resolution.

## II. STANDARD OF REVIEW

When a party objects to a Magistrate Judge's Report and Recommendation on a dispositive motion, the Court must conduct a *de novo* review of the objected-to portions. 28 U.S.C. § 636(b)(1)(A)-(C); Fed. R. Civ. P. 72(b)(3). *De novo* review requires the Court to consider the matter anew, as if no decision had been rendered, while giving appropriate regard to the Magistrate Judge's reasoning. *United States v. Raddatz*, 447 U.S. 667, 676 (1980), citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976). The Court may accept, reject, or modify the Magistrate Judge's recommendations, receive further evidence, or recommit the matter for additional proceedings. 28 U.S.C. § 636(b)(1)(C).

The objections themselves guide the scope of this review. *Howard v. Sec'y of HHS*, 932 F.2d 505, 509 (6th Cir. 1991), citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Only those portions of the R&R that are properly objected to require *de novo* consideration. *Id.* (holding that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object" and requiring the parties to at least "explain [] the source of the error"). To warrant *de novo review*, objections must be specific enough to "identify the portions of the magistrate's recommendation to which objection is made and the basis for the objection," in other words, to "specify the issues of contention." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

3

### III. LAW AND ANALYSIS

Federal courts have the inherent authority to sanction bad-faith conduct, as well as conduct that is "tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *Railway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511–512 (6th Cir. 2002); *Plastech Holding Corp. v. WM Greentech Auto. Corp.*, 257 F. Supp. 3d 867, 872–73 (E.D. Mich. 2017). A party may act in bad faith when, for example, it commits a fraud on the court. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 301–302 (6th Cir. 2016); *see also Chambers*, 501 U.S. at 45–46 (court may impose sanctions if it finds that "fraud has been practiced upon it, or that the very temple of justice has been defiled"); *Murray v. City of Columbus, Ohio*, 534 F. App'x. 479, 484 (6th Cir. 2013) (noting that bad faith "includes situations where fraud has been practiced upon the court and where a party shows bad faith by delaying or disrupting the litigation").

If a party has engaged in bad-faith conduct, appropriate sanctions may include the dismissal of the party's claims. *Plastech Holding Corp.*, 257 F. Supp. 3d at 872–73; *Murray*, 534 Fed. App'x. at 484. The court's inherent power to sanction "must be exercised with restraint and discretion," but "the exercise of such authority is 'particularly appropriate for impermissible conduct that adversely impacts the entire litigation.'" *Plastech Holding Corp.*, 257 F. Supp. 3d at 872–73 (quoting *Murray*, 534 Fed. App'x. at 484). "Dismissal of an action may be an appropriate sanction when a party has committed a fraud on the court, even if the party has an otherwise meritorious case." *Plastech Holding Corp.*, 257 F. Supp. 3d at 872–73. There is a "split in the circuits concerning whether fraud on the court must be proven by clear and convincing evidence or by a preponderance of the evidence," but "[a]lthough the Sixth Circuit has not expressly addressed this

4

particular issue, it appears as though it would likely not require the higher burden of clear and convincing proof." *Id.* (citing cases).

Here, the Magistrate Judge correctly concluded that the inmate declarations Plaintiff submitted were falsified. First, ODRC movement histories show that on June 17, 2023, Plaintiff was housed in J-Dorm (later moved to H-9 segregation), while inmate Barnes was in H-2/B and inmate Pattson in H-5/A. (ECF No. 46-1). These placements made it impossible for them to be "within a few feet" of Plaintiff during the alleged escort, as their declarations claimed. Second, Correctional Officers Sam Aaron and Kaleb Powell each confirmed that the signatures attributed to them on the declarations were not theirs and that they do not witness inmate affidavits. (ECF Nos. 46-2, 46-3). The Magistrate Judge also noted handwriting similarities between the disputed documents and Plaintiff's own filings. (ECF No. 51).

Even assuming, *arguendo*, that the disputed documents were drafted by Plaintiff but merely signed by other inmates, they would still be improper. This is because Federal Rule of Civil Procedure 11 requires a litigant presenting any pleading, motion, or other paper to certify that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the filing is not presented for an improper purpose, the claims are warranted by law, and the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). Rule 11 applies equally to attorneys and *pro se* litigants. *Bus. Guides, Inc. v. Chromatic Communs. Enters.*, 498 U.S. 533, 548 (1991). The burden of producing evidence to support factual contentions rests with the party submitting them. Fed. R. Civ. P. 11(b)(3); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). Plaintiff has not carried that burden here, because a document bearing forged attestations cannot be accepted as competent evidence. Fed. R. Civ. P. 11(b); *see also* generally *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988).

5

Plaintiff's objections do not undermine this conclusion. (ECF Nos. 52, 54). Although Plaintiff submitted additional inmate declarations purporting to authenticate prior signatures (this time, without any correctional officers' signatures), Plaintiff fails to rebut the sworn affidavits of Officers Aaron and Powell, who categorically denied that the witnessing signatures were theirs. (ECF Nos. 46-2, 46-3). Rather, his filings repeated conclusory accusations of a "cover-up" and vague assertions of institutional misconduct. Accordingly, this Court finds that Plaintiff knowingly submitted falsified declarations. His objections do not rebut this conclusion and, if anything, reinforce that his filings lacked evidentiary support.

In determining and imposing the appropriate sanction, a court "must comply with the mandates of due process." *Chambers*, 501 U.S. at 50. There is no requirement that "a full evidentiary hearing be held before imposing sanctions." *Metz*, 655 F.3d at 491. Due process merely requires that the party receives "fair notice and an opportunity for a hearing on the record." *Id*. (emphasis in original); *see also* Fed. R. Civ. P. 11(c)(1); *Ray A. Scharer & Co., Inc. v. Plabell Rubber Prods., Inc.*, 858 F.2d 317, 321 (6th Cir. 1988) (the district court must "afford the parties concerned in potential sanctions at least minimal procedural protections, including notice and the opportunity to respond or to be heard").

The Magistrate Judge's Report and Recommendation (ECF No. 51) provided Plaintiff with fair notice that this Court may impose sanctions for his conduct. Plaintiff also had the opportunity to respond to the issues of falsification, having filed objections to the Report and Recommendation. Plaintiff's due process rights have been preserved in this case, and the imposition of sanctions would not violate those rights.

Having determined that Plaintiff submitted falsified declarations, this Court concludes that dismissal is a permissible sanction. *See Murray*, 534 F. App'x at 484. Indeed, allowing this action

6

to proceed despite Plaintiff's submission of declarations bearing forged officer signatures would reward misconduct and erode the Court's truth-seeking function. This Court agrees with the Magistrate Judge's conclusions that "[b]y presenting forged evidence, Plaintiff attempted to defraud the Court" and that Plaintiff's "conduct shows blatant disregard for the Court and the judicial process." (EFC. No. 51). Accordingly, the Court concludes that dismissal is an appropriate sanction.

This case is therefore dismissed with prejudice as a sanction. Because dismissal resolves the action in its entirety, no further merits review is necessary, and Defendant Williams's Motion for Summary Judgment (ECF No. 40) is **DENIED AS MOOT**. This Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith when it is frivolous).

### IV. CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Report and Recommendation (ECF No. 51); **OVERRULES** Plaintiff's objections (ECF Nos. 52, 54); **DISMISSES** this action **WITH PREJUDICE**; and **DENIES AS MOOT** Defendant's motion for summary judgment (ECF No. 40).

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Algenon L. Marbley
　　　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**DATED: September 26, 2025**